IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRENDA A. ROSEMOND, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:24-cv-00607 |
| | ) Judge Trauger |
| JAMES CASEY, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Brenda Rosemond, an Illinois resident, has filed a pro se Complaint (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

**I. IFP APPLICATION**

The plaintiff's IFP application lists minimal assets and monthly expenses that approximate her monthly income from a pension. (Doc. No. 2.) It therefore demonstrates that the plaintiff cannot pay the civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

**II. INITIAL REVIEW**

The court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual

allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In making the plausibility determination, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Assoc. of America v. Vullo*, No. 22-842, 602 U.S. ____, 2024 WL 2751216, at *3 (U.S. May 30, 2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must also afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

    At the outset, the court notes some confusion about the defendants named in the Complaint. While the Complaint's caption identifies "James Casey and HUD" as defendants, it elsewhere specifies that the plaintiff does not intend to sue any individual defendant, but only the Housing and Urban Development (HUD) office at 235 Cumberland Bend, in Nashville. (Doc. No. 1 at 2–4.) The Cumberland Bend office appears to be a field office of the federal Department of Housing and Urban Development. *See* https://www.hud.gov/states/shared/working/r4/multifamily/field-offices (last visited June 5, 2024). But the Complaint also describes the defendant as a state entity, "incorporated under the laws of the State of Tennessee." (Doc. No. 1 at 4.)[1] The plaintiff must clarify the defendant(s) she intends to sue.

---

[1] The court takes judicial notice that the James A. Cayce Homes were acquired from the federal government by the Metropolitan Development and Housing Agency (MDHA) in 2018. *See* https://www.newschannel5.com/news/mdha-acquires-james-cayce-homes-plans-for-mixed-income-housing (last visited June 5, 2024).

As to the gravamen of the Complaint, it invokes the court's diversity jurisdiction (*id.* at 3) and claims that the defendant was "criminally negligent" in maintaining the premises at "James Ca[yce] Public Housing," where "video, but not [an] armed security guard" was provided, "thereby causing the death of [the plaintiff's] son [while] seated in the passenger seat[.]" (*Id.* at 4.) The Complaint requests compensatory and punitive damages based on the defendant's failure to provide "reasonable care and[/]or safety measures" in the area of the Cayce Homes. (*Id.*) These are the only facts alleged; the Complaint does not give the date of the plaintiff's son's death or the incident which caused it,[2] any description of that incident, or any further factual detail with regard to how the defendant was negligent, other than by its failure to employ an armed security guard on the day in question.

The rules governing pleading in federal court require that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But that short and plain statement must be supported by "sufficient factual matter, accepted as true," to make the claimed right to relief not just possible, but plausible. *Hill*, 630 F.3d at 470–71. This standard does not require *detailed* factual allegations, but it does require "more than labels[,] conclusions, [or] a formulaic recitation" of the elements of a cause of action. *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint's factual allegations must be "sufficient to give notice to the defendant as to what claims are alleged," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), and to enable the court to determine the viability of those claims. As currently constituted,

---

[2] The court notes that, under Tennessee law, both wrongful death claims and negligence claims for "injuries to the person" are subject to a one-year statute of limitations, Section 28-3-104(a)(1) of the Tennessee Code. *See Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 844 (6th Cir. 2015) (wrongful death); *Bailey v. Memphis Bonding Co., Inc.*, No. 18-2115, 2019 WL 1300092, at *15 (W.D. Tenn. Mar. 21, 2019) (negligent injury to the person).

3

the Complaint does not contain sufficient factual allegations to meet Rule 8's standard.

### III. FURTHER PROCEEDINGS

If the plaintiff is to maintain this action, she must file an Amended Complaint that cures the deficiencies in her original pleading, identified above. The Clerk of Court is **DIRECTED** to mail the plaintiff a form for filing a Complaint for a Civil Case (Pro Se Form 1). To proceed with her lawsuit, the plaintiff **MUST** use the form to file an Amended Complaint that (1) specifies the defendant(s) she intends to sue and (2) provides factual allegations concerning when, where, why, how, and by whom the harm leading to her lawsuit was inflicted.

The plaintiff **MUST** return her Amended Complaint to the Clerk of Court within **30 DAYS** of the date this order is entered on the docket and must designate it for filing in **Case No. 3:24-cv-0607**. The correct address for filing in person or by mail is: Clerk of Court, U.S. District Court, Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

The plaintiff is cautioned that, should she fail to comply with this order (or seek an extension of time to do so) within the time specified, or should she fail to keep the court apprised of her current address, this action may be dismissed for want of prosecution.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge